**The MUNTERS CORPORATION, Appellant,**

v.

**Harry LOCHER and Swissco–Young Industries, Inc., Appellees.**

No. 14–94–00911–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 2, 1997.

Rehearing Overruled Jan. 30, 1997.

Clinard J. Hanby, Woodlands, Madison R. Jones, Houston, for appellant.

Marc H. Schneider, Jospeh A. McDermott, III, Arnold Anderson Vickery, Patrick I. Hughes, Houston, for appellees.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

HUDSON, Justice.

Appellee, Swissco–Young Industries, Inc. (Swissco), purchased specialized industrial air cooling equipment from Munters. Swissco claimed this equipment failed to meet the required specifications and caused not only the loss of an important contract, but also contributed to the subsequent bankruptcy of the company. Swissco sued Munters for deceptive trade practices, breach of warranty, and common law negligence. The jury found in Swissco's favor and the trial court entered judgment on the verdict. We reverse.

In six points of error, Munters contends: (1) the trial court erred in overruling its plea in abatement, motion for directed verdict,

motion for judgment n.o.v., and motion for new trial because Swissco did not own the cause of action and had no standing to sue; (2) the evidence is legally and factually insufficient to support the jury's findings on liability and damages; (3) the trial court erred in refusing to reduce the amount of damages awarded; (4) the trial court erroneously refused Munters' Requested Jury Instruction No. 1; and (5) the evidence is legally and factually insufficient to show Munters caused Swissco's loss of value.

Harry Locher formed Swissco in 1969. The company specialized in the design and construction of air filtration and cooling systems. In early 1990, the Harbor Cogeneration Company approached Swissco to install an air cooling system for a large gas turbine inlet. Locher began the design work on the project, and Munters was contacted to supply the components. Due to space limitations, the cooling system designed by Locher had an unusual configuration. During the design phase of the project, Locher consulted frequently with Munters. He faxed letters and drawings to the company, advising it of Harbor's requisite operating parameters, and inquiring whether the design configuration would perform within specifications.

Munters responded with technical data indicating that its components would perform as specified in the configuration devised by Locher. Swissco subsequently purchased the components from Munters and installed them in the Harbor project. The system, however, failed to perform acceptably. As a result, Swissco did not receive payment for its work on the Harbor contract and was forced into bankruptcy. Locher and Swissco then commenced the action now on appeal, claiming Munters' failure to provide suitable components and technical data led to Swissco's loss of the Harbor contract and its corporate demise.

Munters' first point of error argues that Swissco does not own this cause of action and has no standing to sue because ownership of Swissco's assets are vested in the bankruptcy trustee. Thus, the trial court erred in overruling Munters' plea in abatement, motion

for directed verdict, motion for judgment n.o.v., and motion for new trial. Swissco sued Munters on April 3, 1992. On October 22, 1992, Swissco filed a voluntary Chapter 7 bankruptcy petition, and Robbye Waldron was appointed as bankruptcy trustee. Shortly after that, Swissco filed its bankruptcy schedules. None of these filings, however, disclosed the pending claim against Munters.[1] In February 1993, the bankruptcy court entered a final decree closing Swissco's Chapter 7 case and discharging the trustee. Despite appellant's repeated objections as to Swissco's lack of standing, the state court proceeded to trial and rendered a judgment. Following trial, the bankruptcy trustee and others stepped forward to claim an interest in the court's judgment.

According to Texas law, subject matter jurisdiction is essential to the authority of a court to decide a case. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). Standing is implicit in the concept of subject matter jurisdiction. *Id.* An opinion issued in a lawsuit pursued by a party without standing is advisory. Rather than remedying any actual or imminent harm, the judgment addresses only a hypothetical injury. Texas courts have no authority to render such opinions. *Id.* at 444. Such a lack of subject matter jurisdiction, therefore, renders the judgment void. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex.1995).

Pursuant to Section 541 of the Bankruptcy Code, "[t]he commencement of a case" in bankruptcy "creates an estate." 11 U.S.C.A. § 541 (West 1993 & Supp.1996). Upon the filing of the petition in bankruptcy, Swissco's property, including this cause of action, automatically transferred into the estate. *Besing v. Seeligson, Douglass, Falconer & Vanden Eykel*, 822 S.W.2d 107, 109 (Tex.App.—Dallas 1991, writ denied). Once the transfer occurred, the bankruptcy trustee was vested with *exclusive standing* to resolve this claim. *In re Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir.1994) (emphasis added); *Pankhurst v. Weitinger &*

---

1. Question 20 on Swissco's schedule of personal property assets, calling for the disclosure of

"[o]ther contingent and unliquidated claims of every nature," was answered, "none."

*Tucker,* 850 S.W.2d 726, 729 (Tex.App.—Corpus Christi 1993, writ denied). Swissco's trustee in bankruptcy had three options: (1) to assume the prosecution of the pending action; (2) to consent to the debtor's continued prosecution of the action for the trustee's benefit; or (3) to decline to prosecute the pending action if it appeared the prosecution would be fruitless. *Bishop v. Geno Designs, Inc.,* 631 S.W.2d 581, 582 (Tex.App.—Tyler 1982, no writ). Swissco's trustee, apparently unaware of this unscheduled claim, took no action in the litigation below.

■■■ Appellees claim Munters waived its standing argument when it failed to bring this lawsuit to the trustee's attention. We reject this contention. A plea in abatement, as filed here, is an appropriate means to assert a defect or to challenge standing of the parties to an action. *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982). Moreover, the Bankruptcy Code *required* Swissco to fully and truthfully disclose its property and financial affairs. 11 U.S.C.A. § 521 (West 1993); *Donaldson, Lufkin & Jenrette Sec. Corp. v. Mathiasen,* 207 A.D.2d 280, 615 N.Y.S.2d 384, 386 (1994). Even if the trustee learns of the existence of property through other means, once bankruptcy proceedings are closed those assets not properly scheduled will not revest in the debtor. *Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir.1991); *Donaldson,* 615 N.Y.S.2d at 386. It is incumbent upon the debtor, before his action can proceed, to have the bankruptcy case reopened and the ownership of the claim determined. *See Adams v. Manown,* 328 Md. 463, 615 A.2d 611, 618–19 (1992).

■■■ Appellees argue that the bankruptcy trustee's closure of the estate without pursuing this cause of action constitutes abandonment of the claim under 11 U.S.C.A. § 554 (West 1993). They reason that because the claim was abandoned, title to it was revested

in Swissco at the close of the bankruptcy case. We disagree. Section 554 provides that "[u]nless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." 11 U.S.C.A. § 554(c) (West 1993). This abandonment provision only applies to property which was *properly scheduled* under section 521. The claim at issue was never formally scheduled, and thus, could not have been abandoned. *Vreugdenhill,* 950 F.2d at 526; *see also First Nat'l Bank v. Lasater,* 196 U.S. 115, 118–19, 25 S.Ct. 206, 208, 49 L.Ed. 408 (1905).

■■■ Appellees claim they have standing under Texas law to pursue this cause of action. Citing the *Bishop* case, appellees contend that Bankruptcy Rule 610,[2] with its permissive language vesting the trustee with discretion to decide whether to assume responsibility for suits filed by the debtor, renders non-joinder of the trustee harmless.[3] *Bishop,* 631 S.W.2d at 582. The United States Supreme Court has held that this doctrine has no application when the trustee is ignorant of the existence of the claim. *Lasater,* 196 U.S. at 119, 25 S.Ct. at 208. The court reasoned:

> It cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property on the ground that the trustee had never taken any action in respect to it.

*Id.*

■■■ Next, appellees argue their claim to any excess of bankruptcy estate assets which may emerge later serves as an interest in the controversy sufficient to supply stand-

---

2. Now Rule 6009, FED.R.BANKR.P.

3. Appellees also cite the case of *Dowler v. Delta Inv. Housing, Inc.,* 834 S.W.2d 127, 129 (Tex. App.—Eastland 1992, no writ), for the proposition that the mere existence of a bankruptcy would not deprive the debtor of standing to pursue a claim. That case, however, dealt with a Chapter 13 proceeding where a bankruptcy plan

had been filed and confirmed by the bankruptcy court. The confirmation of such a plan "vests all property in the estate of the debtor." 11 U.S.C.A. § 1327(b) (West 1993). The case now before us is a Chapter 7 bankruptcy, and thus no such plan serves to revest Swissco with this claim.

ing. *See* 11 U.S.C.A. § 726(a)(6) (West 1993) (providing for distribution to the debtor of any assets remaining in the estate after the creditors have been paid). We do not agree. The principal function of bankruptcy law is to determine and implement in a single collective proceeding the entitlements of all concerned parties. *In re American Reserve Corp.*, 840 F.2d 487, 489 (7th Cir.1988). To allow Swissco to pursue this claim, which predates its bankruptcy, without the participation of their bankruptcy trustee would completely undermine public policy.

■ Finally, appellees contend that, after the trial court's judgment was rendered, the trustee and CPI Group, a successor in interest to Swissco, entered into a settlement and compromise. Swissco claims this settlement ratified its standing to pursue this action and retroactively conferred subject matter jurisdiction on the trial court. Appellees urge us to follow the Maryland Court of Appeals' decision in *Adams*, 615 A.2d at 619–20. There, the debtor successfully pursued an unscheduled claim to judgment. The Court of Appeals, noting *sua sponte* the justiciability issue caused by the absence of the trustee, found that where neither party had complained of the trustee's absence in the trial court, it would be in the interests of justice to remand the affirmed judgment and allow the trustee to intervene. Likewise, appellees argue that under the circumstances of this case it would be contrary to the principles of judicial economy to uproot an existing judgment.

Other courts have noted the difficulties spawned when a bankrupt attempts to pursue a cause of action on his own. In *Stein v. United Artists Corp.*, 691 F.2d 885, 894 (9th Cir.1982), the court noted the risk of tortfeasors going free because the improper plaintiff sued them. The court in *Management Investors v. United Mine Workers*, 610 F.2d 384, 392 (6th Cir.1979), discussed the waste of judicial resources caused by the necessity of bringing a new action with the trustee as

the plaintiff. *See also Lasater*, 196 U.S. at 119, 25 S.Ct. at 208 (overturning an existing judgment in favor of a bankrupt due to the absence of the trustee in the trial court). Both these courts, however, found the bankrupt was not the proper party to bring suit. They noted that "the predicament in which [the bankrupt] now finds himself is the result of his having never listed this right of action as an asset of his bankruptcy estate or otherwise brought it to the trustee's attention." *Stein*, 691 F.2d at 894 (quoting *Management Investors*, 610 F.2d at 393).

Swissco's lack of standing to sue, and the trial court's lack of subject matter jurisdiction, could not be cured by the trustee's post-judgment maneuvers in bankruptcy court. Contrary to appellees' contention that lack of standing is merely a procedural issue, the *Stein* court held that in the bankruptcy context the right to sue goes to the essential merits of the case. Only the presence of the proper party ensures the adversarial interest necessary to prosecute the suit. *Stein*, 691 F.2d at 893.

■ A void judgment, rendered without subject matter jurisdiction, "is good nowhere and bad everywhere." *Dews v. Floyd*, 413 S.W.2d 800, 804 (Tex.Civ.App.—Tyler 1967, no writ). Post-judgment action cannot remedy a defect of this nature. *See id.* This action should have been abated until Swissco's trustee was properly joined.

Appellant's first point of error is sustained. Finding reversible error, we do not reach appellant's remaining points. The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.