**Ralph THOMPSON; Paula Thompson; and Rudy O. Young, Trustee; Appellants,**

**v.**

**CONTINENTAL AIRLINES, Appellee.**

No. 04–99–00249–CV.

Court of Appeals of Texas, San Antonio.

Aug. 25, 1999.

---

Jonathan C. Juhan, Grossman & Waldman, L.L.P., Beaumont, for Appellants.

Ron A. Sprague, Gendry & Sprague, P.C., San Antonio, for Appellee.

Sitting: PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

### OPINION ON INTERLOCUTORY ORDER

Opinion by: PAUL W. GREEN, Justice.

Continental Airlines filed a motion to dismiss, alleging that Ralph and Paula Thompson had no standing to perfect this appeal as debtors under Chapter 7 bankruptcy. We deny the motion to dismiss.

On May 17, 1994, Ralph Thompson was allegedly injured while exiting an aircraft owned by Continental. A year later, Thompson and his wife filed a petition under Chapter 13 of the federal bankruptcy code, but they did not disclose the potential cause of action against Continental. The Thompsons' bankruptcy plan was confirmed in June 1995.

On April 17, 1996, the Thompsons sued Continental in state court. On January 14, 1999, the state court granted Continental's motion for summary judgment. A week later, on January 22, the bankruptcy court converted the Thompsons' bankruptcy case from Chapter 13 to Chapter 7.[1] On April 12, the Thompsons timely perfected an appeal to this court. On June 21, the

---

1. The bankruptcy court found the Thompsons had standing to file their state suit because

bankruptcy court authorized the Thompsons' attorney to represent the trustee and the bankruptcy estate.

Continental contends we must dismiss the appeal because the Thompsons lost standing on the day their bankruptcy case was converted. We agree that the trustee acquired exclusive standing to pursue the Thompsons' claims against Continental when the bankruptcy court converted the Thompsons' bankruptcy case. *See Donaldson v. Bernstein*, 104 F.3d 547, 554 (3d Cir.1997); *see also Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex.1999).[2] Because the Thompsons' lack of standing is procedural rather than substantive, the proper remedy is to join the trustee as a party rather than to dismiss the case. *In re James*, 120 B.R. 802, 808 (Bankr.E.D.Pa. 1990), *rev'd on other grounds*, 940 F.2d 46 (3d Cir.1991); *see also Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126–27 (8th Cir. 1998). Accordingly, we deny Continental's motion to dismiss this appeal for lack of jurisdiction.

---

title to their property revested in them upon confirmation of their plan. *In re Thompson*, No. 95–20233, memo op. at 2–4 (Bankr. W.D.La., Oct. 13, 1998), *aff'd mem.*, (W.D.La., Jan. 13, 1999). The court did not address the Thompsons' standing after their bankruptcy case was converted.

2. The conversion did not reactivate the automatic stay. *In re State Airlines, Inc.*, 873 F.2d 264, 268–69 (11th Cir.1989); *see also Burns v. Burns*, 974 S.W.2d 820 (Tex.App.—San Antonio 1998, no pet. h.) (discussing effect of stay).