Clyde T. CARTER, Appellant,

v.

Joe CARTER, et al, Appellee.

No. 04–99–00332–CV.

Court of Appeals of Texas,
San Antonio.

March 29, 2000.

Karl E. Hays, Law Offices of Edwin J. (Ted) Terry, Jr., Austin, Bruce J. Mery, Law Offices of Bruce J. Mery, San Antonio, for appellant.

Robert E. Golden, Robert E. Golden & Associates, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

### FACTUAL AND PROCEDURAL BACKGROUND

Clyde C. Carter was the trustee of the Harry Lee Carter Estate Management Trust. On June 6, 1989, Clyde filed an application to terminate the Trust. Beneficiaries of the Trust and two co-trustees sued Clyde for breach of fiduciary duty. As a result, in 1991, a $7,000,000 judgment was entered against Clyde and in favor of the Trust. After the judgment was entered, Clyde filed a petition in bankruptcy.

On July 13, 1998, Clyde filed suit in probate court seeking a declaration that the judgment entered in favor of the Trust was void as a matter of law. The Appellees filed a motion for summary judgment alleging that Clyde was barred by the doctrine of res judicata from bringing suit because he had already tried and failed to have the 1991 judgment declared void in a bankruptcy suit brought in Alabama. They also alleged that any claim to have the 1991 judgment declared void did not belong to Clyde, but rather to his bankruptcy estate, and could therefore be brought only by the bankruptcy trustee. The probate court granted the Appellees' motion without specifying its reasons for doing so.

Clyde appeals the probate court's order, asserting that the court reversibly erred in granting the summary judgment. We disagree and affirm the probate court's order.

### STANDARD OF REVIEW

The underlying purpose of Texas' summary judgment rule is to eliminate unmeritorious claims. *See Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989). Accordingly, Texas Rule of Civil Procedure 166a(c) provides that where there is no genuine issue as to any material fact, the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). In a summary judgment proceeding, the burden is on the moving party. *See Roskey v. Texas Health Facilities Comm'n,* 639 S.W.2d 302, 303 (Tex.1982). To meet this burden, the movant must either disprove at least one element of the plaintiff's theory of recovery, or plead and conclusively establish each element of an affirmative defense. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979). Once the movant establishes its right to summary judgment, the burden then shifts to the nonmovant to present issues that preclude summary judgment. *See id.* at 678; *see also Garcia v. John Hancock Variable Life Ins. Co.,* 859 S.W.2d 427, 430 (Tex.App.-San Antonio 1993, writ denied).

We review a summary judgment de novo. *See Reyes v. Storage & Processors, Inc.,* 995 S.W.2d 722, 725 (Tex.App.-San Antonio 1999, pet. ref'd). In deciding whether there was a fact issue raised to preclude summary judgment, we take evidence favorable to the nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in the nonmovant's favor. *See Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgom-*

*ery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

Because the order granting the summary judgment in this case does not specify the grounds upon which the probate court relied, we must affirm the judgment if either of the theories raised in the Appellees' motion for summary judgment is meritorious. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

### STANDING

■ Clyde first attacks the Appellees' assertion that he lacked the capacity to bring suit seeking a declaratory judgment. Appellees claimed that because he had a Chapter 7 Bankruptcy pending in the United States Bankruptcy Court for the Northern District of Alabama, Clyde's right to bring suit with respect to the Trust belongs to the bankruptcy trustee.

■ In Texas, subject matter jurisdiction is essential to a court's authority to decide a case. *See Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993). Standing is an implicit component of the subject matter jurisdiction concept. *See id.* An opinion issued in a lawsuit which was pursued by a party without standing is merely advisory and does not remedy any actual harm. *See Munters Corp. v. Locher,* 936 S.W.2d 494, 496 (Tex.App.—Houston [14th Dist.] 1997, writ denied). Texas courts are without the authority to issue such opinions, and any judgment rendered by a court without subject matter jurisdiction is void. *See State ex rel. Latty v. Owens,* 907 S.W.2d 484, 485 (Tex.1995).

■ Under section 541 of the United States Bankruptcy Code, filing a petition in bankruptcy creates a bankruptcy estate. 11 U.S.C. § 541(a); *Louisiana World Exposition v. Federal Ins. Co.,* 858 F.2d 233, 245 (5th Cir.1988); *Douglas v. Delp,* 987 S.W.2d 879, 882 (Tex.1999). All legal or equitable interests held by the debtor as of the commencement of the case become part of that estate, including any legal claims that belonged to the debtor before the petition was filed. *See* 11 U.S.C. § 541(a)(1); *In the Matter of Swift,* 129 F.3d 792, 795 (5th Cir.1997); *Douglas,* 987 S.W.2d at 882. The bankruptcy trustee is the representative of the estate, and once a claim belongs to the estate, the trustee has exclusive standing to assert the claim. *See* 11 U.S.C. § 323(a); *In the Matter of Educators Group Health Trust,* 25 F.3d 1281, 1284 (5th Cir.1994); *Douglas,* 987 S.W.2d at 882.

■ Federal Rule of Bankruptcy Procedure 6009 gives the trustee two options with regard to dealing with a legal claim once a petition in bankruptcy has been filed. Where an action is already pending, the trustee "may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor." FED. R. BANKR. P. 6009. Therefore, where an action is pending prior to the commencement of a bankruptcy proceeding a trustee has three options: (1) to assume prosecution of the pending action; (2) to consent to the debtor's continued prosecution of the action for the trustee's benefit; or (3) to decline to prosecute the pending actions if it appears the prosecution would be fruitless. *See Munters Corp.,* 936 S.W.2d at 497. However, for those claims that have not been brought, the trustee may "commence or prosecute any action or proceeding in behalf of the estate before any tribunal." FED. R. BANKR. P. 6009. Thus, only the bankruptcy trustee may file an original petition for a potential claim that arose prior to the commencement of the bankruptcy proceeding.

■ If a bankruptcy trustee determines that a claim is burdensome or is of inconsequential value and benefit to the estate he or she may abandon that claim. *See* 11 U.S.C. § 554(a); *In re Heil,* 141 B.R. 112, 113–14 (Bankr.N.D.Tex.1992). However, the trustee's right to abandon a claim may only be asserted upon proper notice and a hearing. *See* 11 U.S.C.

**444**

§ 554(a); *In re Heil,* 141 B.R. at 114. The hearing requirement may be circumvented provided proper notice is given and no party requests a hearing. *See* 11 U.S.C. § 102(1); *In re Heil,* 141 B.R. at 114. To properly provide notice for the purposes of abandoning a claim, the trustee must notify all creditors, indenture trustees and appointed or elected committees of the proposed abandonment, unless otherwise instructed by the court. *See* FED. R. BANKR.P. 6007(a).

The parties stipulate that Clyde filed a petition in bankruptcy. Therefore, when Clyde filed his bankruptcy petition, his right to file suit seeking a declaration that the 1991 judgment rendered in favor of the trust was void, vested in the bankruptcy trustee. Accordingly, only the trustee had the right to bring suit seeking a declaratory judgment. The mere existence of the claim in bankruptcy is conclusive evidence that Clyde no longer has standing to assert a claim for a declaratory judgment.

■ In order to rebut the Appellees' claim that he no longer has standing to assert his claim, Clyde offered a letter he received from the bankruptcy trustee assigned to his case which granted him permission to pursue his claims against the Appellees. The letter states in part: "I am considering the lawsuit burdensome to the estate and, therefore, it is your lawsuit to do with what you wish ..."Although this letter indicates the trustee's intent to abandon the claim, a professed intent to abandon a claim, without notice and a hearing, does not constitute an "abandonment" of estate property. *See In re Baudoin,* 981 F.2d 736, 738 n. 4 (5th Cir.1993); *see also Seward v. Devine,* 888 F.2d 957, 962 (2nd Cir.1989) (stating that if trustee abandons without giving creditors notice or an opportunity to be heard in violation of 11 U.S.C. § 554 and Bankruptcy Rule 6007, then abandonment is not effected properly); *Rothberg v. Quadrangle Development Corp.,* 646 A.2d 309, 313 n. 14 (D.C.1994) (finding that a letter from the trustee to the appellant's attorney that

indicated he would request permission from the bankruptcy court to abandon the claims was not an effective abandonment without providing notice to all creditors). Therefore, the trustee remains the proper party to bring suit seeking a declaratory judgment, and any judgment rendered in a suit brought by any other person, would be void for lack of subject matter jurisdiction

Because the Appellees' first ground for summary judgment is meritorious, we need not reach Clyde's assertion that the doctrine of res judicata does not bar his present claim.

### CONCLUSION

We find the right to seek a declaratory judgment with respect to the 1991 judgment rendered in favor of the trust remains with the bankruptcy trustee. Therefore, we overrule Clyde's first issue and sustain the probate court's granting of the summary judgment.