**Michael RODRIGUEZ, Appellant,**

v.

**The CITY OF SAN ANTONIO, By and Through the CITY PUBLIC SERVICE BOARD, Appellee.**

No. 04–02–00504–CV.

Court of Appeals of Texas, San Antonio.

April 9, 2003.

Rehearing Overruled July 1, 2003.

Jeff Small, James V. Mazuca, Law Office of James V. Mazuca, San Antonio, for appellant.

Richard C. Danysh, Christopher C. Rulon, Bracewell & Patterson, L.L.P., San Antonio, appellee.

Helen G. Schwartz, Habbeshaw, Kalmans & Schwartz, P.C., San Antonio, for other.

Sitting: PAUL GREEN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from a no-evidence summary judgment in favor of the City of San Antonio. The underlying lawsuit was brought by the appellant, Michael Rodriguez, for personal injuries he suffered when he contacted an energized chain link fence. One day before the hearing on the

City's motion for summary judgment, Rodriguez filed for personal bankruptcy. After determining that the summary judgment proceeding was not stayed by the bankruptcy, the trial court granted the City's motion, without stating its grounds. Because the trial court's judgment is void, we reverse and remand.

## BACKGROUND

On August 23, 1999, Rodriguez allegedly suffered injuries when he came into contact with a fence that was electrified. Rodriguez sued the City for negligence and violations of the Texas Deceptive Trade Practices Act (the "DTPA"), contending the City was negligent in failing to properly maintain and inspect a transformer. The trial court rendered a partial summary judgment in the City's favor on Rodriguez's DTPA claims. On March 27, 2002, the City filed a no-evidence motion for summary judgment on Rodriguez's negligence claims. A hearing on the motion was set for April 18, 2002. On April 17, 2002, Rodriguez filed for Chapter 7 bankruptcy, and on April 18th, he filed a Declaration of Bankruptcy with the district clerk. The trial court postponed the April 18th summary judgment hearing until the following day to consider the effect of Rodriguez's bankruptcy filing. During the April 19, 2003 hearing, arguments of counsel focused solely on whether the bankruptcy automatically stayed the proceeding on the City's motion for summary judgment. After determining the proceeding was not stayed, the court commenced the summary judgment hearing, following which it rendered summary judgment in favor of the City.

Rodriguez then filed a motion for reconsideration, arguing that the summary judgment was void because it was entered in violation of the automatic stay. The trial court denied the motion for reconsideration. On June 7, 2002, Rodriguez and the Chapter 7 trustee jointly filed a motion for new trial, arguing that the summary judgment was void because it was entered in violation of the automatic stay and because the trustee had exclusive standing to assert any claim against the City. Rodriguez and the trustee asserted that because the trustee had not abandoned the claim, had not received notice of the summary judgment hearing, and was not a party to the hearing, the trial court did not have jurisdiction when it rendered the summary judgment. The trial court denied the motion for new trial.

## BANKRUPTCY STAY

In his first issue, Rodriguez asserts that once he filed for bankruptcy, the Chapter 7 trustee was the only individual with standing to pursue his lawsuit against the City, and because the trustee did not participate in the summary judgment hearing, the trial court's judgment is void. The City counters that because the trustee participated in post-summary judgment proceedings, the trial court's summary judgment is not void.[1]

The filing of a bankruptcy petition creates a bankruptcy estate. 11 U.S.C. § 541(a); *Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex.1999); *Carter v. Carter*, 21 S.W.3d 441, 443 (Tex.App.-San Antonio 2000, no pet.). A bankruptcy estate

1. The City also argues that the automatic stay does not apply here because Rodriguez is both the plaintiff and the debtor. While this may be true, it is not the issue. The issue is whether the trial court should have abated the summary judgment proceedings to allow for the trustee's participation. Also, the City's contention that Rodriguez waived a "necessary party" argument is misplaced. The issue here is standing, not whether the trustee is a necessary party.

consists of "all legal or equitable interests of the debtor in property as of commencement of the case." 11 U.S.C. § 541(a)(1). In a Chapter 7 case, such as this, the critical moment of analysis is the point in time at which the bankruptcy petition is filed. *See In re Wischan,* 77 F.3d 875, 877 (5th Cir.1996); *In re Zedda,* 103 F.3d 1195, 1202 (5th Cir.1997). Therefore, we do not consider the trustee's participation in post-summary judgment proceedings as dispositive of this jurisdictional issue. Instead, we consider whether the trial court had subject matter jurisdiction on the date it considered the City's motion for summary judgment.

■ Standing is a component of subject matter jurisdiction, without which the trial court may not consider the merits of a case. *Douglas,* 987 S.W.2d at 882. The bankruptcy trustee is the representative of the estate, with exclusive standing to assert a claim. *Id.; Carter,* 21 S.W.3d at 443; *The Munters Corp. v. Locher,* 936 S.W.2d 494, 496 (Tex.App.-Houston [14th Dist.] 1997, writ denied). Where an action is already pending, a trustee may (1) assume prosecution of the action, (2) consent to the debtor's continued prosecution of the action for the trustee's benefit, or (3) decline to prosecute the action if it appears to be fruitless. *Carter,* 21 S.W.3d at 443; *Munters,* 936 S.W.2d at 497; *see also* FED. R. BANKR. 6009. The trustee may abandon the claim if he or she determines a claim is burdensome or is of inconsequential benefit to the estate. *Carter,* 21 S.W.3d at 443; 11 U.S.C. § 554(a).

■ On the date Rodriguez filed his Chapter 7 bankruptcy petition (April 17, 2002), Rodriguez's right to pursue his action against the City vested in the trustee. *Carter,* 21 S.W.3d at 444; *Munters,* 936 S.W.2d at 497-98. Because the trustee acquired exclusive standing to resolve Rodriguez's claim against the City, the trial court did not have jurisdiction to render summary judgment against Rodriguez after April 17th. The trustee's participation in post-summary judgment proceedings did not cure the trial court's lack of subject matter jurisdiction. *Munters,* 936 S.W.2d at 498. The summary judgment proceeding should have been abated until the trustee was properly joined. *Munters,* 936 S.W.2d at 498; *see Thompson v. Continental Airlines,* 5 S.W.3d 747, 748 (Tex.App.-San Antonio 1999, no pet.) (holding that debtor-plaintiffs' lack of standing to pursue appeal was procedural rather than substantive and proper remedy was to join the trustee as a party rather than to dismiss appeal); *see also* TEX.R. CIV. P. 39(a). Accordingly, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.