NO. 07-03-0386-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 30, 2004



______________________________




GILBERT H. CUELLAR, APPELLANT



V.



WALTER S. PISKUN, M.D. AND SOUTHWEST NEUROSCIENCE


AND SPINE CENTER, P.A., APPELLEES




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 89,051-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Gilbert Cuellar brings this appeal from a no-evidence summary judgment granted
in favor of Walter Piskun, M.D. and Southwest Neuroscience and Spine Center on Cuellar's
claim for medical malpractice. Agreeing with the parties that the trial court lacked
jurisdiction to render summary judgment, we reverse the judgment and remand for further
proceedings.

 Cuellar filed suit against Piskun on August 13, 2001; on October, 26, 2001, he filed
an amended petition adding Southwest Neuroscience and Spine Center as a defendant. 
Both defendants answered and, on April 15, 2003, filed a no-evidence motion for summary
judgment under Rule of Civil Procedure 166a(i). A hearing on this motion was set for May
27, 2003. 

 Before the summary judgment motion was heard, appellant initiated a bankruptcy
proceeding under Chapter 13 of the Bankruptcy Code on May 19, 2003. See 11 U.S.C.
§§1301-1307, 1321-1330. He filed a notice of the bankruptcy proceeding in the trial court
the following day and requested the case be abated. Three days later, appellant converted
the bankruptcy proceeding from Chapter 13 to Chapter 7 of that code. In a letter brief to
the trial court, appellees argued the case should not be abated because the automatic stay
created by Section 362 of the Bankruptcy Code applies only to actions against bankruptcy
debtors, not those prosecuted by the debtor. The clerk's record does not reflect appellant
informed the court of the bankruptcy action's conversion to a Chapter 7 proceeding before
the court rendered summary judgment for appellees on May 28, 2003. On June 25, 2003,
appellant filed a notice that the bankruptcy case had been converted to a chapter 7
proceeding. This document also notified the trial court that the bankruptcy court had
authorized appellant and the bankruptcy trustee to appeal the summary judgment. 

 Appellant also filed a motion for new trial on the basis the bankruptcy proceeding
deprived him of standing, asserting that because he lacked standing to prosecute the case
at the time of the summary judgment hearing, the trial court lacked subject matter
jurisdiction and its judgment is void. See State Bar of Texas v. Gomez, 891 S.W.2d 243,
245 (Tex. 1994). Appellant's position is that his cause of action against appellees became
property of the bankruptcy estate on filing of the bankruptcy proceeding. See 11 U.S.C.
§541(a). The bankruptcy trustee has exclusive standing to assert such claims. Rodriguez
v. City of San Antonio, 113 S.W.3d 378, 381 (Tex.App.-San Antonio 2003, pet. filed); 11
U.S.C. §323; Bankr. R. 6009. (1) While the trustee may permit a debtor to continue
prosecution of an action, Rodriguez, 113 S.W.2d at 381, the record here supports a finding
the trustee has not done so.

 Appellees concede the trial court lacked subject matter jurisdiction to proceed in the
absence of the bankruptcy trustee. For the reasons set out above, we agree and reverse
the judgment of the trial court. The action is remanded for further proceedings.


 James T. Campbell

 Justice



1. Rule 6009 is entitled "Prosecution and Defense of Proceedings by Trustee or
Debtor in Possession" and provides:

 With or without court approval, the trustee or debtor in possession may
prosecute or may enter an appearance and defend any pending action or
proceeding by or against the debtor, or commence and prosecute any action
or proceeding in behalf of the estate before any tribunal.