NO. 07-03-0386-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 30, 2004

_____


GILBERT H. CUELLAR, APPELLANT

V.

WALTER S. PISKUN, M.D. AND SOUTHWEST NEUROSCIENCE
AND SPINE CENTER, P.A., APPELLEES

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 89,051-D; HONORABLE DON EMERSON, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


**MEMORANDUM OPINION**


Gilbert Cuellar brings this appeal from a no-evidence summary judgment granted in favor of Walter Piskun, M.D. and Southwest Neuroscience and Spine Center on Cuellar's claim for medical malpractice. Agreeing with the parties that the trial court lacked jurisdiction to render summary judgment, we reverse the judgment and remand for further proceedings.

Cuellar filed suit against Piskun on August 13, 2001; on October, 26, 2001, he filed an amended petition adding Southwest Neuroscience and Spine Center as a defendant. Both defendants answered and, on April 15, 2003, filed a no-evidence motion for summary judgment under Rule of Civil Procedure 166a(i). A hearing on this motion was set for May 27, 2003.

Before the summary judgment motion was heard, appellant initiated a bankruptcy proceeding under Chapter 13 of the Bankruptcy Code on May 19, 2003. *See* 11 U.S.C. §§1301-1307, 1321-1330. He filed a notice of the bankruptcy proceeding in the trial court the following day and requested the case be abated. Three days later, appellant converted the bankruptcy proceeding from Chapter 13 to Chapter 7 of that code. In a letter brief to the trial court, appellees argued the case should not be abated because the automatic stay created by Section 362 of the Bankruptcy Code applies only to actions against bankruptcy debtors, not those prosecuted by the debtor. The clerk's record does not reflect appellant informed the court of the bankruptcy action's conversion to a Chapter 7 proceeding before the court rendered summary judgment for appellees on May 28, 2003. On June 25, 2003, appellant filed a notice that the bankruptcy case had been converted to a chapter 7 proceeding. This document also notified the trial court that the bankruptcy court had authorized appellant and the bankruptcy trustee to appeal the summary judgment.

Appellant also filed a motion for new trial on the basis the bankruptcy proceeding deprived him of standing, asserting that because he lacked standing to prosecute the case at the time of the summary judgment hearing, the trial court lacked subject matter jurisdiction and its judgment is void. *See State Bar of Texas v. Gomez*, 891 S.W.2d 243,

2

245 (Tex. 1994). Appellant's position is that his cause of action against appellees became property of the bankruptcy estate on filing of the bankruptcy proceeding. *See* 11 U.S.C. §541(a). The bankruptcy trustee has exclusive standing to assert such claims. *Rodriguez v. City of San Antonio*, 113 S.W.3d 378, 381 (Tex.App.–San Antonio 2003, pet. filed); 11 U.S.C. §323; Bankr. R. 6009.[1] While the trustee may permit a debtor to continue prosecution of an action, *Rodriguez*, 113 S.W.2d at 381, the record here supports a finding the trustee has not done so.

Appellees concede the trial court lacked subject matter jurisdiction to proceed in the absence of the bankruptcy trustee. For the reasons set out above, we agree and reverse the judgment of the trial court. The action is remanded for further proceedings.

James T. Campbell
Justice

---

[1]Rule 6009 is entitled "Prosecution and Defense of Proceedings by Trustee or Debtor in Possession" and provides:

> With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.