COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-255-CV
 
  
ANTON ANTONOV AND TANEV &                                        APPELLANTS
SON TRUCKING
   
V.
   
SONJA WALTERS AND SHAWN BROWN,                                 APPELLEES
IN HIS CAPACITY AS CHAPTER 7 
TRUSTEE
FOR THE BANKRUPTCY ESTATE OF 
DELBERT
AND SONJA WALTERS
  
  
------------
 
FROM THE 352ND DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Anton 
Antonov and Tanev & Son Trucking appeal from an adverse judgment for Sonja 
Walters and Shawn Brown in his capacity as chapter 7 trustee for the bankruptcy 
estate of Delbert and Sonja Walters.  In three issues, appellants complain 
that the trial court’s judgment is void because Sonja’s lack of standing to 
sue deprived the trial court of subject matter jurisdiction; the trial court 
erred by denying appellants’ motion to strike Brown’s intervention in the 
lawsuit; and the evidence is legally and factually insufficient to support the 
jury’s damages award for future medical expenses.  We will affirm.
        On 
January 31, 2001, Antonov and Sonja were involved in a motor vehicle accident 
during which Sonja was injured.  On September 27, 2001, Sonja and her 
husband Delbert filed a chapter 7 bankruptcy proceeding.  Brown was 
appointed chapter 7 trustee for the Walterses’ bankruptcy estate.  The 
Walterses listed on their personal property schedule Sonja’s personal injury 
claims against appellants.  On October 25, 2001, the Walterses claimed as 
exempt from the bankruptcy estate the following claims resulting from the 
accident: a personal injury claim valued at $17,425 and a “los[t] wages 
claim” of unlimited value. No objections were made to these exemptions.[1]
        Thereafter, 
on August 15, 2002, Sonja sued appellants for damages she allegedly sustained in 
the January 2001 accident. Brown was not a party to the lawsuit when it was 
filed, nor did he participate in the subsequent trial.
        On 
April 21, 2004, a jury found that Antonov’s negligence had caused the accident 
and Sonja’s injuries and awarded her $745,790 in past and future 
damages.  Six days later, Brown petitioned for the first time to intervene 
in the lawsuit on behalf of the bankruptcy estate.  Over appellants’ 
objection, the trial court rendered judgment that appellants were jointly and 
severally liable to both Sonja and Brown for the full amount of the jury’s 
verdict plus interest and court costs.  The trial court overruled 
appellants’ postjudgment motions, including a plea to the jurisdiction based 
on Sonja’s alleged lack of standing and a motion to strike Brown’s 
intervention, and this appeal followed.
        In 
their first issue, appellants contend that the trial court erred in overruling 
their plea to the jurisdiction and in refusing to dismiss the case for want of 
jurisdiction.  Appellants assert that Sonja’s lack of standing deprived 
the trial court of subject matter jurisdiction and rendered its judgment void.
        A 
plaintiff must have standing to bring a lawsuit.[2]  
The issue of standing focuses on whether a party has a sufficient relationship 
with the lawsuit to have a justiciable interest in its outcome.[3]  
A plaintiff has standing when she is personally aggrieved, regardless of whether 
she is acting with legal authority.[4]  Thus, in 
Texas, the test for standing requires that there be (1) a real controversy 
between the parties (2) that will be actually determined by the judicial 
declaration sought.[5]  Standing is a component 
of subject matter jurisdiction and may be raised at any time.[6]  
We apply a de novo standard of review to the trial court’s determination 
regarding standing.[7]
        When 
a debtor files a bankruptcy petition, all of her property—including any legal 
claims that belonged to the debtor before the petition was filed— becomes 
property of a bankruptcy estate.[8]  Once a claim 
belongs to the bankruptcy estate, the bankruptcy trustee, as the estate 
representative, has exclusive standing to assert the claim.[9]
        Nonetheless, 
a debtor may file a list of property that the debtor claims is exempt from the 
bankruptcy estate.[10]  Unless a party in 
interest objects, “the property claimed as exempt on such list is exempt.”[11]  Thereafter, the debtor’s entitlement to the 
exemption is invulnerable to attack, regardless of whether the debtor had a 
colorable statutory basis for claiming the exemption.[12]  
Further, “[i]t is well-settled law that the effect of this self-executing 
exemption is to remove property from the [bankruptcy] estate and to vest it in 
the debtor.”[13]  These principles apply to 
both pending and potential causes of action claimed as exempt.[14]
        Applying 
these principles to this case, we hold that Sonja had standing to sue 
appellants. Sonja was personally aggrieved by the accident and, in October 2001, 
she listed as exempt her personal injury and “los[t] wages” claims resulting 
from the accident. No one ever objected to those exemptions. Therefore, those 
claims became exempt,[15] were removed from the 
bankruptcy estate, and were revested in Sonja.[16]  
Once the claims were no longer part of the bankruptcy estate, Sonja had a real, 
justiciable interest in the outcome of the controversy between her and 
appellants, which could be actually determined by the judicial declaration she 
sought when she filed suit in August 2002.[17]
        Appellants 
contend that Sonja “did not claim any part of the personal injury cause of 
action in her exemptions,” but only her right to receive payment on her 
claims.  To support this contention, appellants point out that Sonja listed 
bankruptcy code section 522(d)(11)(D)-(E) as statutory authority for exempting 
her claims.  These subsections provide that a debtor may exempt from the 
bankruptcy estate the right to receive payment on account of personal bodily 
injury and in compensation for loss of future earnings.[18]
        Appellants 
assert that these subsections do not authorize the exemption of a cause of 
action from the bankruptcy estate, but only authorize the exemption of part of 
the proceeds from a claim or cause of action after the proceeds have been 
collected.  They contend that, “[w]ith the statutory references to modify 
the descriptions of her exemptions, no reasonable person would conclude that 
[Sonja] was claiming the personal injury cause of action itself” as 
exempt.  They also contend that Sonja could not exempt her cause of action 
from the bankruptcy estate because neither the Bankruptcy Code nor the Texas 
Property Code allows a debtor to exempt a cause of action.[19]  
We disagree.
        Sonja 
described the property she was claiming as exempt as “PI claim for 
Debtor Spouse resulting from auto accident; no lawsuit pending at this 
time.  Loss [sic] wages claim resulting from auto accident; no 
lawsuit pending at this time.” [Emphasis supplied.]  “Cause of 
action” is included within the definition of “claim.”[20]  
Further, because no lawsuit was pending at the time Sonja claimed the 
exemptions, we construe her property descriptions as claiming at least part of 
her cause of action itself as exempt, not merely the right to receive proceeds 
in the event the trustee chose to sue.  Moreover, regardless of whether 
Sonja had a statutory basis for claiming all or part of her cause of action as 
exempt, she is entitled to the exemption because no one objected when she 
claimed it.[21]
        For 
all of these reasons, we hold that Sonja had standing to sue appellants.  
Therefore, the trial court did not err by overruling appellants’ plea to the 
jurisdiction challenging Sonja’s standing to sue, and the trial court’s 
judgment is not void for want of jurisdiction.  We overrule appellants’ 
first issue.
        In 
their second issue, appellants complain that the trial court erred by denying 
their motion to strike Brown’s post-verdict intervention on behalf of the 
bankruptcy estate.  Appellants assert that the intervention was improper 
because the statute of limitations had run, Sonja’s suit had not tolled the 
limitations period as to Brown, and Brown therefore no longer had an enforceable 
interest to protect.
        Any 
party may intervene by filing a pleading, subject to being stricken by the trial 
court for sufficient cause.[22]  The party 
opposed to the intervention has the burden to challenge it via a motion to 
strike.[23]  We review a trial court’s ruling 
on a petition in intervention under an abuse of discretion standard.[24]
        Here, 
regardless of whether limitations had run, Brown had an enforceable interest to 
protect. When two persons claim an interest in a single cause of action, and one 
of those persons timely files suit, the remaining party’s intervention in the 
suit outside the limitations period to protect his interest relates back to the 
timely-filed suit and is not barred by limitations.[25]
        In 
this case, there was only one cause of action—Sonja’s personal injury claim 
against appellants—in which both she and Brown, as bankruptcy trustee, claimed 
an interest.  The purpose of Brown’s intervention was to protect the 
bankruptcy estate’s interest in Sonja’s recovery on her claim against 
appellants, not to assert an independent cause of action against them.  It 
is undisputed that Sonja’s suit, filed less than two years after the accident, 
was timely.[26]  Therefore, Brown’s 
intervention related back to Sonja’s timely filing of the suit and is not 
barred by limitations.[27]  Accordingly, we hold 
that the trial court did not abuse its discretion by overruling appellants’ 
motion to strike Brown’s petition in intervention.[28]  
We overrule appellants’ second issue.
        In 
their third issue, appellants challenge the legal and factual sufficiency of the 
evidence to support the jury’s award of $100,000 for Sonja’s future medical 
expenses.
        In 
determining a “no evidence” issue, we are to consider only the evidence and 
inferences that tend to support the finding of the disputed fact and disregard 
all evidence and inferences to the contrary.[29]  
That is, we must “credit[] favorable evidence if reasonable jurors could, and 
disregard[] contrary evidence unless reasonable jurors could not.”[30]  Anything more than a scintilla of evidence is 
legally sufficient to support the finding.[31]  
More than a scintilla of evidence exists if the evidence furnishes some 
reasonable basis for differing conclusions by reasonable minds about the 
existence of a vital fact.[32]
        An 
assertion that the evidence is “insufficient” to support a fact finding 
means that the evidence supporting the finding is so weak or the evidence to the 
contrary is so overwhelming that the answer should be set aside and a new trial 
ordered.[33]  We are required to consider all of 
the evidence in the case in making this determination, not just the evidence 
that supports the finding.[34]
        Texas 
follows the “reasonable probability” rule for damages for future medical 
expenses.[35]  Thus, the plaintiff must show 
that there is a reasonable probability that such medical expenses will be 
incurred in the future.[36]  Although the 
preferred practice is to establish future medical expenses through expert 
medical testimony, no rule requires the plaintiff to establish such expenses 
through expert testimony or based on a reasonable medical probability.[37]  The jury may make its award for future medical 
care based upon the nature of the plaintiff's injuries, medical care rendered 
before trial, and the plaintiff's condition at the time of trial.[38]
        An 
award of future medical expenses lies largely within the jury’s discretion.[39]  Because issues such as life expectancy, medical 
advances, and the future costs of products and services are, by their very 
nature, uncertain, appellate courts are particularly reluctant to disturb a 
jury's award of these damages.[40]
        In 
this case, the evidence regarding Sonja’s future medical expenses is as 
follows:
        At 
the time of trial, Sonja was 49 years old. The record shows that she suffered a 
minor, but irreversible, brain injury as a result of the accident, which left 
her functioning just above the level at which someone would be classified as 
mentally retarded, caused her considerable pain, and required ongoing treatment 
and medication.
        Dr. 
Arnold J. Morris, Jr., Sonja’s treating physician, and Dr. Andrew William 
Houtz, a clinical neuropsychologist who had tested Sonja’s cognitive function 
extensively on three different occasions, both testified regarding the permanent 
nature of Sonja’s brain injury.  Dr. Morris also testified that he had 
treated Sonja for chronic pain resulting from her brain injury since July of 
2001 and was continuing to treat her at the time of trial.  In the year 
before trial, Dr. Morris had seen Sonja slightly more often than once a month 
(fourteen times), at an average cost of $126.64 per visit.  Dr. Morris 
testified that these medical services were necessary to properly treat Sonja for 
her injuries and that the charges were reasonable.
        In 
addition, throughout his treatment of Sonja, Dr. Morris had regularly prescribed 
for her a narcotic for pain, as well as muscle relaxers and anti-anxiety 
drugs.  The medications ranged in price from $51.30 to $134.34 per 
prescription, and Sonja’s pharmacy records indicate that several of the 
prescriptions were refilled at least monthly.  Dr. Morris testified that 
Sonja did not function well, that her pain was “prominent,” and that she did 
not have any way of dealing with it other than through medication.  Sonja 
testified at trial that she was taking two medications prescribed by Dr. Morris 
four times a day.  Dr. Morris testified that the prescriptions were 
necessary to help relieve the effects of Sonja’s injuries from the accident 
and that the charges for the medications were reasonable for the area and the 
dates on which they were prescribed.
        Further, 
the jury awarded Sonja $27,910 for past medical care, or approximately $8,587.69 
per year,[41] and appellants do not challenge that 
finding.
        We 
hold that this evidence of the nature of Sonja’s injuries, her past medical 
care, and her condition at the time of trial is more than a scintilla of 
evidence that Sonja will in reasonable probability incur $100,000 in future 
medical expenses.  Moreover, this evidence is not so weak, nor is the 
evidence to the contrary so overwhelming, that the jury’s finding should be 
set aside and a new trial ordered.  Accordingly, the evidence is legally 
and factually sufficient to support this element of the jury’s damages award.[42]  We overrule appellants’ third issue.
        Having 
overruled all of appellants’ issues, we affirm the trial court’s judgment.
  
   
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
   
   
PANEL A:   CAYCE, 
C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).
 
DELIVERED: June 30, 2005


NOTES
1.  
Our recitation of the facts is not based on Brown’s affidavit, which is 
attached to appellees’ brief, because that affidavit is not part of the 
record.  See Tex. R. App. P. 
38.1(h) (providing that argument must be supported by citations to appellate 
record); Till v. Thomas, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st 
Dist.] 1999, no pet.) (stating that appellate court cannot consider documents 
attached to appellate brief that do not appear in record).  At appellees’ 
request, however, we take judicial notice of the facts set forth in the 
certified record from the Walterses’ bankruptcy proceeding, which appellees 
have filed as a separate appendix.  See Tex. R. Evid. 201(d).
2.  
Coastal Liquids Transp., L.P. v. Harris County Appraisal Dist., 46 S.W.3d 
880, 884 (Tex. 2001).
3.  
Austin Nursing Ctr. v. Lovato, 48 Tex. Sup. Ct. J. 624, 626, 2005 WL 
1124764, at *3 (Tex. May 13, 2005) (citing 6A Charles Alan Wright, Arthur R. 
Miller, & Mary Kay Kane, Wright, 
Miller & Kane, Federal Practice & Procedure: Civil 2d § 1559, at 
441 (2d ed. 1990)).
4.  
Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 661 
(Tex. 1996).  In contrast, capacity is a procedural issue dealing with the 
personal qualifications of a party to litigate.  Austin Nursing Ctr., 
48 Tex. Sup. Ct. J. at 626, 2005 WL 1124764, at *3 (citing 6A Wright, Miller & Kane, Federal Practice 
& Procedure: Civil 2d § 1559, at 441).  A party has capacity 
when she has the legal authority to act, regardless of whether she has a 
justiciable interest in the controversy.  Nootsie, Ltd., 925 S.W.2d 
at 661.
5.  
Id. at 662.
6.  
Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex. 
1993); Cadle Co. v. Lobingier, 50 S.W.3d 662, 670 (Tex. App.—Fort Worth 
2001, pet. denied).
7.  
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. 
denied, 526 U.S. 1144 (1999); City of Arlington v. Scalf, 117 S.W.3d 
345, 347 (Tex. App.—Fort Worth 2003, pet. denied).
8.  
11 U.S.C.A. § 541 (West 2004); Taylor v. Freeland & Kronz, 503 U.S. 
638, 642, 112 S. Ct. 1644, 1647 (1992); Douglas v. Delp, 987 S.W.2d 879, 
882 (Tex. 1999).
9.  
11 U.S.C.A. § 323(a); Douglas, 987 S.W.2d at 882.
10.  
11 U.S.C.A. § 522(b), (d) (West 2004 & Supp. 2005).
11.  
Id. § 522(l).
12.  
Taylor, 503 U.S. at 642-44, 112 S. Ct. at 1647-48; In re Sadkin, 
36 F.3d 473, 477 (5th Cir. 1994); In re Montgomery, 80 B.R. 385, 388 (Bankr. 
W.D. Tex. 1987).
13.  
In re Bell, 225 F.3d 203, 215 (2nd Cir. 2000); see also Owen v. Owen, 
500 U.S. 305, 308, 111 S. Ct. 1833, 1835 (1991) (“An exemption is an interest 
withdrawn from the estate . . . for the benefit of the debtor.”).
14.  
See Taylor, 503 U.S. at 642-44, 112 S. Ct. at 1647-48 (applying exemption 
to cause of action that was pending when bankruptcy was filed); Sadkin, 
36 F.3d at 474, 477-78 (applying exemption to claim that was only a potential 
cause of action when bankruptcy was filed).
15.  
See Sadkin, 36 F.3d at 474, 477-78 (holding that debtor’s potential 
cause of action for lost income due to wrongful garnishment was exempt from 
bankruptcy estate because no timely objection to exemption was filed).  
Objections to property claimed as exempt must be made within thirty days after 
the conclusion of the first meeting of creditors unless the bankruptcy court 
grants additional time.  Fed. R. 
Bankr. Proc. 4003(b); Taylor, 503 U.S. at 642, 112 S. Ct. at 
1647.  Here, the first meeting of creditors was held on October 23, 2001.
16.  
See Owen, 500 U.S. at 308, 111 S. Ct. at 1835; Bell, 225 F.3d at 
215.
17.  
Austin Nursing Ctr., 48 Tex. Sup. Ct. J. at 626, 2005 WL 1124764, at *3; Nootsie, 
Ltd., 925 S.W.2d at 661.
18.  
Section 522(d) provides:
        The 
following property may be exempted . . . :
(11) 
The debtor’s right to receive, or property that is traceable to—
(D) 
a payment, not to exceed $18,450, on account of personal bodily injury, not 
including pain and suffering or compensation for actual pecuniary loss, . . . ; 
or
(E) 
a payment in compensation of loss of future earnings of the debtor . . . to the 
extent reasonably necessary for the support of the debtor and any dependent of 
the debtor.
11 
U.S.C.A. § 522(d)(11)(D)-(E).  At the time of Sonja’s lawsuit, the 
amount in subsection (D) was only $17,425, which is the value Sonja attached to 
her personal injury claim on her list of exemptions.  See Revision 
of Certain Dollar Amounts in the Bankruptcy Code Prescribed Under Section 104(B) 
of the Code, 69 Fed. Reg. 8482-01, 2004 WL 329158 (Feb. 24, 2004).
19.  
See 11 U.S.C.A. § 522; Tex. Prop. 
Code Ann. ch. 42 (Vernon 2000 & Supp. 2004-05).
20.  
Black’s Law Dictionary 264 (8th 
ed. 2004).
21.  
See Taylor, 503 U.S. at 642-44, 112 S. Ct. at 1647-48; Sadkin, 36 
F.3d at 477; Montgomery, 80 B.R. at 388.  Appellants’ reliance on Tignor 
v. Parkinson, 729 F.2d 977 (4th Cir. 1984), Douglas, 987 S.W.2d at 
882, and Carter v. Carter, 21 S.W.3d 441 (Tex. App.—San Antonio 2000, 
no pet.) is misplaced.  The bankruptcy trustee in Tignor objected to 
the debtor’s claimed exemption of the settlement proceeds from a personal 
injury claim, and the debtors in Douglas and Carter did not claim 
any part of their causes of action were exempt from the bankruptcy estate.  
See Tignor, 729 F.2d at 978; Douglas, 987 S.W.2d at 881-82; Carter, 
21 S.W.3d at 444.
22.  
Tex. R. Civ. P. 60.
23.  
Id.; Guar. Fed. Sav. Bank v. Horseshoe Op. Co., 793 S.W.2d 652, 
657 (Tex. 1990).
24.  
Guar. Fed. Sav. Bank, 793 S.W.2d at 657.
25.  
See, e.g., Franks v. Sematech, Inc., 936 S.W.2d 959, 960 (Tex. 1997) 
(holding, in worker’s compensation subrogation case, that because there is but 
one cause of action for employee’s injuries, which belongs to employee, 
employee’s intervention in compensation carrier’s subrogation suit two years 
after limitations period had expired was not barred by limitations).
26.  
See Tex. Civ. Prac. & Rem. 
Code Ann. § 16.003(a) (Vernon 2002).
27.  
See Franks, 936 S.W.2d at 960.  Rodriguez v. Printone 
Color Corp., upon which appellants rely, is inapposite because Brown did not 
seek to assert an independent cause of action against appellants.  See 982 
S.W.2d 69, 73 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (unpublished 
text) (holding that trial court did not abuse its discretion by striking 
petition in intervention of potential coplaintiff whose intervention was simply 
an attempt to avoid consequences of filing his separate but related causes of 
action outside limitations period).
28.  
See Guar. Fed. Sav. Bank, 793 S.W.2d at 657.
29.  
Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001); Cont’l Coffee 
Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); In re King's 
Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).
30.  
City of Keller v. Wilson, No. 02-1012, 2005 WL 1366509, at *1 (Tex. June 
10, 2005).
31.  
Cont’l Coffee, 937 S.W.2d at 450; Leitch v. Hornsby, 935 S.W.2d 
114, 118 (Tex. 1996).
32.  
Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co., 77 S.W.3d 253, 262 
(Tex. 2002).
33.  
Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).
34.  
Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex.), cert. 
denied, 525 U.S. 1017 (1998).
35.  
Columbia Med. Ctr. of Las Colinas v. Bush, 122 S.W.3d 835, 862-63 (Tex. 
App.—Fort Worth 2003, pet. denied).
36.  
Id.
37.  
Id. at 863; see also Pipgras v. Hart, 832 S.W.2d 360, 366 (Tex. 
App.—Fort Worth 1992, writ denied) (holding that “no precise evidence is 
required to support an award of future medical damages”).
38.  
Tagle v. Galvan, 155 S.W.3d 510, 519 (Tex. App.—San Antonio 2004, no 
pet.).
39.  
Columbia Med. Ctr., 122 S.W.3d at 863.
40.  
Sanmina-SCI Corp. v. Ogburn, 153 S.W.3d 639, 642-43 (Tex. App.—Dallas 
2004, pet. filed).
41.  
The period of time between the accident and trial—January 31, 2001 through 
April 12, 2004—was just over thirty-nine months.
42.  
See Cont’l Coffee, 937 S.W.2d at 450; Leitch, 935 S.W.2d at 118; 
Garza, 395 S.W.2d at 823.