# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2013

Lyle W. Cayce
Clerk

No. 13-50020
Summary Calendar

In the Matter of: BRADLEY L. CROFT

                                                            Debtor

-----------------------------------------------------------------------------------------------------

BRADLEY L. CROFT

                                                            Appellant

v.

JEANETTE BARBARA LOWRY;
AMS SA MANAGEMENT, L.L.C.,
also known as Association Management
Services; SHAVANO ROGERS
RANCH SWIM CLUB, INCORPORATED,

                                                            Appellees

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:

This Texas bankruptcy case presents a question of first impression in this circuit and under Texas law. The issue is whether defensive appellate rights are considered property under Texas law. If so, they will be considered property of the bankruptcy estate and may be sold by the trustee; if not, then the debtor retains his right to appeal a judgment against him. We AFFIRM

No. 13-50020

the district court's determination that defensive appellate rights are property under Texas law and saleable by the bankruptcy estate.

**STATEMENT OF FACTS**

Bradley Croft ("Croft") was involved in two lawsuits against AMS SA Management LLC a/k/a Association Management Services and Shavano Rogers Ranch Swim Club Inc. (collectively "Appellees") in Bexar County, Texas District Court.  Both lawsuits resulted in sanctions against Croft and attorney's fees in favor of Appellees.  Croft subsequently appealed both sanction orders to the Texas Fourth Court of Appeals.

After filing both appeals, Croft filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  The Fourth Court of Appeals abated both appeals and Croft filed a motion in the bankruptcy court for limited relief from the automatic stay in order to proceed with the appeals.  Appellees opposed Croft's motion, arguing that the appellate rights had become property of the bankruptcy estate and thus could be sold by the trustee pursuant to a proposed sale procedure.

The bankruptcy court found that Croft's defensive appellate rights were not property of the estate because they were "purely defensive"—i.e., they appealed an adverse judgment, not a chose in action held by Croft—and granted Croft's motion.  It ordered that the automatic stay be lifted for the purpose of reinstating both appeals and permitting either Croft or the Chapter 7 trustee to prosecute the appeals.  The bankruptcy court denied Appellees' motion to reconsider and Appellees timely appealed to the Western District of Texas pursuant to 28 U.S.C. § 158(a).  The district court reversed, finding that the defensive appellate rights are property of the estate and thus subject to sale by the Chapter 7 trustee.  Croft appeals.

2

No. 13-50020

## STANDARD OF REVIEW

"This Court reviews the decision of a district court, sitting as an appellate court, by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court." *In re SI Restructuring, Inc.*, 542 F.3d 131, 134-35 (5th Cir. 2008). We thus review factual findings for clear error and conclusions of law de novo. *Id.* at 135.

## DISCUSSION

To determine whether something is property of the bankruptcy estate, a court must look to both state and federal law. Specifically, a debtor's property rights are determined by state law, while federal bankruptcy law applies to establish the extent to which those rights are property of the estate. *Mitchell v. BankIllinois*, 316 B.R. 891, 896 (S.D. Tex. 2004); *see also Butner v. United States*, 440 U.S. 48, 55 (1979) (holding that "[p]roperty interests are created and defined by state law"); *Stanley v. Trinchard*, 500 F.3d 411, 418 (5th Cir. 2007) (holding that while a debtor's pre-petition rights in property are determined according to state law, federal bankruptcy law determines the extent of a debtor's bankruptcy estate). The determinative question is whether Croft's interest in appealing a judgment against him constitutes property under Texas law—and is therefore part of the estate—or not.

The Supreme Court of Texas has recognized that Texas law defines property broadly, extending "to every species of valuable right and interest." *Womack v. Womack*, 141 Tex. 299, 301 (1943). It is well established that any causes of action belonging to the debtor are property that becomes part of the estate once the bankruptcy petition is filed. *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (per curiam) ("Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action

belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition."); *Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999). Once a claim belongs to the estate, "the trustee has exclusive standing to assert the claim." *In re Educators Grp. Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994); *Delp*, 987 S.W.2d at 882. Because causes of action become property of the estate, they may be sold by the bankruptcy trustee. *In re Moore*, 608 F.3d 253, 258 (5th Cir. 2010) ("A trustee may sell litigation claims that belong to the estate, as it can other estate property, pursuant to § 363(b).").

Property rights in legal causes of action "include not only causes of action themselves, but also any appellate rights related to those causes." *Valenciana v. Hereford Bi-Products Mgmt., Ltd.*, No. 07-05-0051-CV, 2005 WL 3803144, *1 (Tex. App.—Amarillo Feb. 24, 2005, no pet.) (internal citations omitted). At issue is whether an appellate right that is *not* based on a cause of action—i.e., an appeal of a judgment against the debtor—is property under Texas law.

Only two courts—neither of which addresses Texas law—have considered this question. In *In re Mozer*, the Central District of California found that defensive appellate rights were property under California law. [1] 302 B.R. 892, 896 (C.D. Cal. 2003). In examining the nature of defensive appeals, the court found that "Defensive Appellate Rights arising from a judgment against the Debtor are not qualitatively different with respect to their status

---

[1] California Civil Code § 655 defines property, in relevant part, as "ownership of all inanimate things . . . ; of all obligations; of such products of labor or skill as the composition of an author; the good will of a business, trade marks and signs, and of *rights created or granted by statute*." (Emphasis added.). Because the California Code of Civil Procedure created the right to appeal, the court found that all appellate rights constitute property under the statute. As in California, the Texas Rules of Civil Procedure provide appeal as of right from civil judgments. Tex. R. Civ. P. 506.1. But unlike California, Texas property law does not define property to include rights "created or granted by statute." So while *Mozer* provides persuasive rationale, it is not directly on point.

as property than appellate rights arising from a judgment on the Debtors' claims." *Mozer*, 302 B.R. at 896. Analogizing to a cause of action to set aside a foreclosure, it concluded that "successful exercise of the Defensive Appellate Rights has the same analytic effect as the pursuit of an action to set aside," i.e., it would increase the debtor's assets. *Id.* So even though the judgment underlying the appeal had no value to the estate, the *appeal* from that judgment had value in that it could reduce the debtor's liabilities, and thereby increase the value of the estate.

In *In re Morales*, the Bankruptcy Court for the Northern District of Iowa explicitly rejected the reasoning in *Mozer* and determined that defensive appellate rights were not property under Iowa law. 403 B.R. 629 (Bankr. N.D. Iowa 2009). Iowa Code § 4.1(21) defines "personal property" to include "money, goods, chattels, evidences of debt, and things in action." Things in action, or "choses in action," are "rights that can be enforced by legal action (e.g., debts or causes of action in tort)." Bryan A. Garner, *Garner's Dictionary of Legal Usage* 155 (3d ed. 2011). Rejecting the argument that defensive appellate rights may be alienated separately from the underlying obligation on judgment debt, the court found that an "appeal of the judgment against her on a debt does not make the appellate action an asset." *Morales*, 403 B.R. at 632-33. The court held that "[t]he nature of the appellate right . . . does depend on the nature of the underlying judgment." *Id.* at 633. It further held that defensive appellate rights would not be considered property of the estate, even if they were property under Iowa law, since allowing the trustee to dispose of the debtor's right to appeal an adverse judgment "would effectively destroy any right to object to the claim." *Id.*

The bankruptcy court agreed with the reasoning in *Morales*, finding that "purely defensive appellate rights, are not a 'chose in action' and because they are not a 'chose in action' they're not property." Bankr. Ct. Hr'g Tr. 36:21-23.

It further held that "both the Debtor and the Trustee do have standing to pursue that appeal." Bankr. Ct. Hr'g Tr. 35:12-13. The district court reversed, finding whether the appellate right is a "chose in action" irrelevant to the inquiry, as "[n]either Texas's definition of property nor the plain language of section 541 suggests that property of the estate should be restricted to only those appellate rights that constitute a chose in action." Slip. Op. 8. Focusing instead on Texas's broad definition of property as including "every species of valuable right and interest," the district court found that defensive appellate rights constituted both (1) a right, because it "grants a party the prerogative to unilaterally invoke the court system," and (2) a "valuable interest," as a "judgment against property directly affects the property's value and character, and because a judgment can be modified or vacated on appeal, the right to appeal a judgment constitutes an interest in the underlying property." Slip. Op. 7.

We agree with the district court's analysis. As the court stated in *Mozer*, "the right to appeal is valuable in nature," 302 B.R. at 896, irrespective of whether the underlying judgment has any value to the debtor. While it is true that a judgment against the debtor is an obligation and has no value to the estate—and would therefore not be included in a list of "property"—the right to appeal that judgment certainly has a quantifiable *value*[2] to the debtor, and

---

[2] The expected value of a defensive appeal is (1) the probability of success on appeal, multiplied by (2) the expected decrease in liability. The appeal certainly has value for the estate, which has every incentive to pursue the appeal against the assets of the estate, thereby reducing its liability to creditors. If the expected value of the appeal is less than either (1) the cost of pursuing the appeal or (2) the price offered to purchase the right to appeal, the trustee will maximize the value of that right by selling it for the best price possible. The defensive appellate right is also of value to the judgment holder, who may be willing to pay some amount to the estate—essentially functioning as a settlement—to avoid (1) incurring additional litigation costs to enforce the judgment and (2) the risk of reversal. Whether the defensive appellate rights are sold depends upon whether the parties can agree on the value of those rights, *not* whether they have any value at all.

therefore constitutes property under Texas law. And while the debtor may not have a legal interest in the cause of action underlying the judgment against him, he certainly retains a legal interest in the assets that will be used to satisfy that judgment and in ensuring that the damage to these interests is minimized. Croft's defensive appellate rights are property under Texas law, and became part of the estate when he filed for bankruptcy. *See* 11 U.S.C. § 541(a)(1) (providing that "all legal or equitable interests of the debtor in property as of the commencement of the case" become part of the estate).

The impropriety of the bankruptcy court's decision to the contrary is apparent from its conclusion that "both the Debtor and the Trustee do have standing to pursue that appeal." This holding conflicts with the well-established principle that "[o]nce a claim belongs to the estate, 'then the trustee has exclusive standing to assert the claim.'" *In re Educators Grp. Health Trust*, 25 F.3d at 1284. If the claim does not belong to the estate, then the trustee lacks standing to pursue the appeal; if it does, then only the trustee has standing. *See In re Seven Seas Petroleum, Inc.,* 522 F.3d 575, 584 (5th Cir. 2008) ("If a claim belongs to the estate, then the bankruptcy trustee has exclusive standing to assert it. However, the trustee has no right to bring claims that belong solely to the estate's creditors.") (internal citations omitted); *In re Maple Mortg., Inc.*, 81 F.3d 592, 595 (5th Cir. 1996) (trustee's power limited to "an interest of the debtor in property").

Croft further objects that his defensive appellate rights are not saleable by the estate because "it would effectively destroy any right that he has to object to the Appellees' claim." To the extent Croft is arguing that he will not be able to object to the sale of the claim, his argument is without merit. As discussed at the bankruptcy proceeding:

> [i]f there are bids -- viable bids that the trustee is willing to accept, he will file a motion with the Court to sell the property. The

> parties will have an opportunity to object.  If there -- If there is an objection, there will be a hearing before the Court and any parties that want to will have the opportunity to bid at the hearing.

Bankr. Ct. Hr'g Tr. 6:8-14.  Croft argues that this opportunity to object is farcical, as the only party with any interest in his defensive appellate rights would be the holder of the judgment, who will then extinguish the appeal. While that may be true, the trustee remains bound by its duty to maximize the value of the estate, 11 U.S.C. § 704(a)(1), and will sell only if the price offered exceeds the expected value of litigating the appeal.  *See* Bankr. Ct. Hr'g Tr. 6:8-9 ("If there are bids -- viable bids that the trustee is willing to accept . . . .").  As an additional safeguard, the sale must be approved by the bankruptcy judge. If it is not, the appellate rights will be deemed abandoned and revert back to Croft, who will then be free to pursue his appeal in state court.  Bankr. Ct. Hr'g Tr. 6:15-19 ("Then if for some reason the sale is not approved by the Court, again, the property would be abandoned and the stay would be lifted, for the – in order for the Debtor to go forward with his appeal in the Fourth Court of Appeals.").

Croft's objection can also be understood as objecting to the simple fact that he can no longer appeal the merits of the judgment.  This argument fails because it is well established that the right to appeal is property of the estate. Because Croft has presented no arguments demonstrating why losing defensive appellate rights would create a greater injustice than losing cause-of-action appellate rights, there is no reason to treat them differently.  Croft's final argument is that selling his defensive appellate rights forbids him from objecting to enforcement of the judgment against the estate.  When a claim is submitted against the estate, the claimant must submit a proof of claim.  If a party wishes to object—be it Croft or the trustee—that party must present evidence establishing the basis of the objection.  3 Norton Bankr. L. & Prac. 3d § 48:28.  This is a separate concern from mounting an appeal against the merits

of the judgment. Objecting to a claim against the estate requires evidence that the judgment was not valid or was for a different amount than claimed; it has nothing to do with the merits of the underlying case. Nothing in the sale of the appellate right indicates that the estate will not be allowed to challenge the sufficiency of the creditors' proofs.

Croft possessed a valuable right and interest in his defensive appellate rights. Those rights became a part of the estate when he commenced his Chapter 7 bankruptcy proceedings. The decision of whether to pursue the appeal or sell his defensive appellate rights is now the exclusive province of the trustee.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.