

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-14-00569-CV

Burton **KAHN**,
Appellant

v.

**HELVETIA ASSET RECOVERY, INC.**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-18355
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Marialyn Barnard, Justice
            Patricia O. Alvarez, Justice
            Jason Pulliam, Justice

Delivered and Filed:  August 19, 2015

DISMISSED FOR WANT OF JURISDICTION

A jury found appellant Burton Kahn ("Kahn") breached his fiduciary duty to appellee Helvetia Asset Recovery, Inc. ("Helvetia"), used another company to perpetrate a fraud for his benefit, retained money belonging to Helvetia, slandered Helvetia's title to certain real property, and filed fraudulent court records against real property owned by Helvetia. The jury awarded sizeable actual damages as well as punitive damages and attorney's fees. The trial court rendered a judgment based on the jury's verdict and granted Helvetia a permanent injunction to preclude Kahn from interfering in Helvetia's business. On appeal, Kahn raises numerous issues challenging

the judgment. However, because Kahn lacks standing to prosecute this appeal, we have no jurisdiction and dismiss the appeal.

## BACKGROUND

Given our disposition of the appeal, a detailed rendition of the facts is unnecessary. Accordingly, we provide only a brief factual and procedural statement for context.

Helvetia is a company that owns and sells real estate lots to builders in San Antonio. Kahn was the president, secretary, and sole director of Helvetia from October 2009 until he was terminated in August 2013. After he was terminated, Kahn began to take actions detrimental to Helvetia, including transferring by deed numerous properties owned by Helvetia to a company created by Kahn after his termination – Paradiv Corporation. Upon discovering what Kahn was doing, Helvetia filed suit to set aside the deeds. The trial court ordered the deeds set aside and thereafter, on November 4, 2013, Helvetia filed a suit against Kahn alleging numerous causes of action based on Kahn's activities after his termination.[1]

---

[1] The day after Helvetia filed suit, Kahn also filed suit, seeking to set aside several deeds from Helvetia to certain buyers ("the Lien Case"). Kahn claimed the deeds from Helvetia to the buyers were fraudulent. Initially, the trial court granted the relief sought by Kahn, rendering an ex parte temporary restraining order. Kahn filed that order in the deed records, thereby clouding Helvetia's title. The trial court granted the ex parte order based on documents filed by Kahn, who claimed to be acting as president and authorized representative of Helvetia. Kahn failed to disclose, however, that in the prior litigation filed by Helvetia in October 2013, another trial court had declared as fraudulent the deeds Kahn transferred to Paradiv, determining Kahn had no authority to act on behalf of Helvetia. After Helvetia discovered what Kahn had done, Helvetia filed a motion to set aside the trial court's order, advising the trial court of the prior ruling and seeking injunctive relief to preclude Kahn from interfering with Helvetia's business or holding himself out as an authorized representative. After an evidentiary hearing in December 2013, the trial court overturned its prior order, finding Kahn made false claims in order to secure the prior order. The trial court enjoined Kahn from acting on behalf of Helvetia in the future.

In addition to seeking to set aside the trial court's order in the Lien Case, Helvetia sought sanctions against Kahn. After another evidentiary hearing, the trial court imposed sanctions against Kahn. The trial court found, among other things, that Kahn did not own Helvetia or its stock. Rather, the trial court determined the sole owner of Helvetia is Puerto Verde, Ltd. ("Puerto Verde"), which is owned by Robert Ripley. Kahn appealed the sanctions order to this court. On July 22, 2015, this court dismissed Kahn's appeal for want of prosecution. *See In Re A Purported Lien or Claim Against Helvetia Asset Recovery, Inc.*, No. 04-14-00357-CV, 2015 WL 4479600, at *1–*2 (Tex. App.—San Antonio July 22, 2015, no pet. h.) (mem. op.).

On April 4, 2014, while Helvetia's suit was pending, but prior to trial, Kahn filed a voluntary petition for bankruptcy, which immediately stayed the trial court proceedings. However, the bankruptcy stay was lifted by order of the bankruptcy court on April 28, 2014. Thereafter, the case proceeded to trial.

Ultimately, the jury found Kahn breached his fiduciary duty to Helvetia, misappropriated funds from Helvetia, used Paradiv to perpetrate a fraud for his benefit, held money belonging to Helvetia, slandered Helvetia's title to certain real property, and filed a fraudulent court record or document against real property owned by Helvetia. The jury awarded damages for each claim. The jury also determined Kahn's breach of fiduciary duty and perpetration of fraud was committed "either maliciously, fraudulently, or through gross neglect," resulting in an award of punitive damages in favor of Helvetia in the amount of $900,000.00. Finally, the jury awarded trial and appellate attorney's fees. The trial court rendered judgment based on the jury's verdict and rendered a permanent injunction, precluding Kahn from interfering in Helvetia's business. Kahn perfected an appeal from the judgment.

## ANALYSIS

Kahn raises numerous issues challenging the trial court's judgment. In response, Helvetia contends, among other things, that this court must dismiss Kahn's appeal because we lack jurisdiction. More specifically, Helvetia contends that as a result of his decision to file a voluntary bankruptcy petition, Kahn has no standing to pursue this appeal because his appellate rights in this appeal vested with the bankruptcy trustee, who sold those rights to Helvetia in a sale approved by the bankruptcy court. Thus, before we can review any issues raised by Kahn, we must first determine whether he has standing to pursue this appeal.

***Standard of Review & Relevant Law — Standing***

Standing is a component of subject matter jurisdiction that we review de novo. *Sneed v. Webre*, No. 12-0045, 2015 WL 3451653, at *7 (Tex. May 29, 2015) (citing *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993)). Standing is a constitutional prerequisite to maintaining suit. *Sneed*, 2015 WL 3451653, at *7 (quoting *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001)). In the absence of standing, a court lacks subject matter jurisdiction to hear the case. *Austin Nursing Ctr, Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *Wolff v. Deputy Constables Ass'n*, 441 S.W.3d 362, 365 (Tex. App.—San Antonio 2013, no pet.).

As recently reiterated by the supreme court in *Sneed*, "[t]he issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome." 2015 WL 3451653, at *7 (quoting *Lovato*, 171 S.W.3d at 848). In Texas, standing does not exists unless (a) there is a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought. *Id.* (quoting *Tex. Ass'n of Bus.*, 852 S.W.2d at 446) (quoting *Bd. of Water Eng'rs v. City of San Antonio*, 155 Tex. 111, 283 S.W.2d 722, 724 (Tex. 1955)). A determination of standing focuses on whether a party has a "justiciable interest" in the outcome of the lawsuit, such as when it is personally aggrieved or has an enforceable right or interest. *Lovato*, 171 S.W.3d at 849 (citing *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996)); *Wolff*, 441 S.W.3d at 365.

***Application — Standing***

In this case, Helvetia contends Kahn lacks standing to prosecute this appeal as a result of his voluntary bankruptcy filing. According to Helvetia, Kahn's right to pursue this appeal vested in the bankruptcy trustee, who sold those rights to Helvetia — an action approved by the

bankruptcy court. Accordingly, Helvetia contends Kahn no longer has any right or interest in this appeal, and therefore, no standing to pursue it.

Filing a voluntary petition for bankruptcy creates a bankruptcy estate, which is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a); *see Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999); *Rodriguez v. City of San Antonio*, 113 S.W.3d 378, 380 (Tex. App.—San Antonio 2003, pet. denied). This includes causes of action or legal claims that belonged to the debtor before the bankruptcy petition was filed. *Douglas*, 987 S.W.2d at 882. The bankruptcy trustee, as the representative of the bankruptcy estate, has exclusive standing to assert legal claims that become part of the estate. *Douglas*, 987 S.W.2d at 882; *Rodriguez*, 113 S.W.3d at 381. In other words, by voluntarily filing a bankruptcy petition, the bankruptcy debtor relinquishes to the trustee any standing to prosecute or dispose of the claims included in the estate. *Douglas*, 987 S.W.2d at 882; *Rodriguez*, 113 S.W.3d at 381.

It is not simply causes of action or claims that become part of the bankruptcy estate. The Fifth Circuit, applying Texas law, has specifically held that defensive appellate rights are property under Texas law and become part of the bankruptcy estate. *In re Croft*, 737 F.3d 372, 376–77 (5th Cir. 2013) (per curiam). As the court explained, "[w]hile it is true that a judgment against the debtor is an obligation and has no value to the estate—and would therefore not be included in a list of property—the right to appeal that judgment certainly has a quantifiable *value* to the debtor, and therefore constitutes property under Texas law." *Id.* (emphasis in original). Thus, property rights in a legal cause of action include not only the cause of action itself, but any appellate rights related thereto. *Id.* at 375.

We find the Fifth Circuit's decision in *Croft* instructive. In *Croft*, Bradley Croft was involved in two lawsuits that ultimately resulted in sanctions against him and an award of attorney's fees in favor of his opponent. *Id.* at 374. Croft appealed those decisions to this court.

*Id.* Thereafter, Croft filed a voluntary bankruptcy petition. *Id.* As required, we abated Croft's appeals because of the automatic bankruptcy stay. *Id.*; *see* TEX. R. APP. P. 8.2 (stating bankruptcy suspends appeal). In response, Croft filed a motion in the bankruptcy court seeking to lift the automatic stay and allow the appeals to continue. *Id.* Croft's motion was opposed under the theory that Croft's right to appeal was part of the bankruptcy estate and only the trustee could prosecute the appeals. *Id.*

The Fifth Circuit, applying Texas property law, held Croft's defensive appellate rights, allowing him to appeal the sanctions order and award of attorney's fees, became part of the bankruptcy estate when he filed the voluntary bankruptcy petition. *Id.* at 378. Accordingly, Croft no longer had standing to pursue the appeals because his defensive rights in the appeals were property of the bankruptcy estate and thus, the bankruptcy trustee had the right to sell the appellate rights pursuant to a bankruptcy court order of sale. *Id.*

Here, as described above, Kahn was involved in a lawsuit that ultimately resulted in the award of monetary damages against him, including punitive damages and attorney's fees. Kahn voluntarily filed a petition for bankruptcy, creating a bankruptcy estate. Thus, Kahn's legal claims, as well as his defensive appellate rights in this appeal, i.e., his right to appeal the judgment in this case, was a valuable property right that became part of the bankruptcy estate. *See id.* The bankruptcy court recognized that this appeal was part of the bankruptcy estate as demonstrated in its order entitled "Order Authorizing Sale of All Non-Exempt Assets, Claims and Causes of Actions." In that order, the bankruptcy court specifically listed this appeal — or the rights to pursue it — among the assets the trustee was authorized to sell. The relevant portion of the order states:

> ORDERED that movant, Johnny W. Thomas, Trustee, be and is hereby authorized and directed to sell all property owned or claimed to be owned by the Debtor to include all the Debtor's non-exempt assets, claims and causes of action now

existing or hereafter arising, all rights, titles and interests in any business or business enterprise that currently exist or has ever existed to Helvetia Asset Recovery, Inc. or its assigns, for $10,000.00. This property includes, but is not limited to, the following:

\* \* \*

All claims or causes of action held by or for the debtor, including but not limited to the following:

\* \* \*

*Burton Kahn v. Helvetia Asset Recovery, Inc.*, No. 04-14-00569-CV, Fourth Court of Appeals, San Antonio, Texas.

The trustee, in order to maximize the estate's value, sold the defensive appellate rights to Helvetia, a sale that was approved by the bankruptcy court. Accordingly, we hold Kahn has no "justiciable interest" in this appeal as he has no enforceable rights therein. *See Sneed*, 2015 WL 3451653, at \*7; *Lovato*, 171 S.W.3d at 849; *Wolff*, 441 S.W.3d at 365. It therefore follows, and we hold, Kahn has no standing to pursue this appeal as that right has been sold as part of the estate by the trustee, who had exclusive standing to prosecute or dispose of the property of the bankruptcy estate. *See Croft*, 737 F.3d at 376–77; *Douglas*, 987 S.W.2d at 882; *Rodriguez*, 113 S.W.3d at 381.

In his reply brief, Kahn argues his defensive appellate rights in this appeal are not part of the bankruptcy estate because the trial court's judgment was rendered *after* the commencement of the bankruptcy proceeding. Thus, according to Kahn, the defensive appellate rights created by the judgment were not part of the bankruptcy estate. We disagree. Although this case is distinguishable from *Croft* because in *Croft*, the defensive appellate rights were created prior to the filing of bankruptcy, the bankruptcy code specifically states that any interest in property that the estate acquired *after* commencement of the case becomes property of the bankruptcy estate. 11 U.S.C. § 541(a)(7) (2015); *see In re C-Power Prods., Inc.*, 230 B.R. 800, 803 (Bankr. N.D.

Tex. 1998) (holding that not only pre-bankruptcy petition malpractice claim became property of bankruptcy estate, but post-bankruptcy petition malpractice claim likewise became property of bankruptcy estate.). Accordingly, we hold the fact that the trial court's judgment was not rendered until after the bankruptcy petition was filed is irrelevant. Kahn's defensive appellate rights in the appeal became a part of the bankruptcy estate whether they existed before or after the bankruptcy petition was filed by Kahn. *See* 11 U.S.C. § 541(a)(7); *C-Power Prods.*, 230 B.R. at 803.

## CONCLUSION

Based on the foregoing, we hold Kahn had no justiciable interest in the right to pursue this appeal. The defensive rights to this appeal became part of Kahn's bankruptcy estate, and the trustee was authorized to sell the rights pursuant to the bankruptcy court's order. Accordingly, we hold Kahn has no standing. Given Kahn's lack of standing, a component of subject matter jurisdiction, we hold we have no jurisdiction over this appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

Marialyn Barnard, Justice