

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00014-CV

Virginia **BRETADO**,
Appellant

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-09066
Honorable Antonia Arteaga, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: December 12, 2018

AFFIRMED

Virginia Bretado appeals from a summary judgment granted in favor of her insurer, Nationwide Mutual Insurance Company. Bretado's brief challenges only whether the trial court had jurisdiction to consider her claim against Nationwide.[1] Because Bretado's claim is ripe, she has standing, and the trial court had jurisdiction, we affirm the trial court's judgment.

---

[1] Because Bretado's brief fails to state the issues presented for review, we rely on the subheadings in her brief as the issues presented: (1) "The Trial Court Lacks Jurisdiction to Grant Summary Judgment," (2) "Nationwide's Denial of the Claim Does Not Confer Jurisdiction," and (3) "Dismissal Without Prejudice is Proper." *See* TEX. R. APP. P. 38.1(f).

**BACKGROUND**

On the same day that Bretado's vehicle was struck from behind by a vehicle driven by Paul A. Moryl, Bretado filed a claim against Nationwide, her insurer, for underinsured motorist benefits. Later, Bretado sued Moryl.

In a letter to Bretado's attorney, Nationwide denied Bretado's claim:

> We received your settlement demand of $25,000 to resolve the above mentioned Under-Insured Motorist claim. Based on the documentation you provided, we do not feel there is an Under-Insured Motorist exposure as we feel your client is fully indemnified by the underlying carrier's policy limits of $25,000. As such, this claim must be denied.

More than four years after Nationwide denied Bretado's claim, Bretado sued Nationwide for breach of contract.[2] Nationwide answered and asserted the affirmative defense of limitations.

Nationwide moved for summary judgment on traditional and no-evidence grounds; it asserted Bretado's breach of contract claim was barred by limitations. Bretado's response asserted her claim against Nationwide was not ripe because Moryl had been in bankruptcy, she had not yet established Moryl's liability and her underinsured status; therefore, her claim against Nationwide had not accrued, it could not be barred by limitations, and she did not yet have standing to sue.[3]

The trial court held a hearing on Nationwide's motion and allowed the parties to file additional briefing. Bretado filed a supplemental trial brief asserting the same arguments made in her summary judgment response. The trial court granted Nationwide's traditional motion for summary judgment and concluded the no-evidence motion was moot. Bretado appeals.

---

[2] Bretado also sued Nationwide for extracontractual claims. The trial court severed the extracontractual claims into a separate cause that is not at issue in this appeal.

[3] In her response to Nationwide's motion for summary judgment, Bretado argued in the alternative that the limitations period on her claim against Nationwide was tolled by Moryl's bankruptcy; therefore, her claim was timely filed.

Because Bretado's brief challenges only the trial court's jurisdiction, we limit our analysis to the jurisdiction question.[4]

## STANDARD OF REVIEW

Ripeness and standing are both components of subject matter jurisdiction. *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017); *Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). We review a challenge to a trial court's subject matter jurisdiction de novo. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018).

## RIPENESS AND STANDING

Bretado contends the trial court lacked jurisdiction to grant summary judgment in favor of Nationwide because her claim was not ripe, and because she had not yet sustained a direct injury from Nationwide's denying her claim, she does not yet have standing to sue.

Both ripeness and standing implicate subject matter jurisdiction and "emphasize[] the need for a concrete injury for a justiciable claim to be presented." *Patterson*, 971 S.W.2d at 442. *Patterson* explained the distinction between the two concepts as follows:

> [S]tanding focuses on the question of who may bring an action, [while] ripeness examines when that action may be brought. At the time a lawsuit is filed, ripeness asks whether the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote. Ripeness thus focuses on whether the case involves "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." By maintaining this focus, the ripeness doctrine serves to avoid premature adjudication.

*Id.* (citations omitted).

---

[4] Bretado's brief does not contain any issue or argument regarding the trial court's conclusion that her claim is barred by limitations. Although Bretado's reply brief argues the limitations period for her claim was tolled, "[a] reply brief may not be used to raise new issues." *See Gamboa v. Gamboa*, 383 S.W.3d 263, 274 (Tex. App.—San Antonio 2012, no pet.); *Lopez v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.—San Antonio 2003, pet. denied) ("A reply brief is not intended to allow an appellant to raise new issues.").

**RIPENESS**

Citing *Brainard*, Bretado asserts her claim against Nationwide for breach of contract based on its refusal to pay underinsured motorist benefits does not accrue until she obtains a judgment establishing Moryl's liability and his status as an underinsured motorist. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). Bretado reasons "[i]n that the prerequisites to UIM coverage as dictated by the Texas Supreme Court have not been established, Ms. Bretado's claims are not untimely, they are not yet ripe." While Bretado frames the jurisdictional issue as one of both ripeness and standing, "we view it more precisely as one of ripeness." *See Patterson*, 971 S.W.2d at 442.

**A.      Applicable Law**

"In evaluating ripeness, we consider whether, at the time a lawsuit is filed, the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote." *In re DePinho*, 505 S.W.3d 621, 624 (Tex. 2016) (quoting *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011)). "A case is not ripe when determining whether a plaintiff has a concrete injury can be made only on contingent or hypothetical facts, or upon events that have not yet come to pass." *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000).

As to when a claim may be raised, an insured is not required to obtain a judgment against an uninsured motorist before pursuing a claim against its insurer for underinsured motorist benefits. *See Brainard*, 216 S.W.3d at 818; *In re Teachers Ins. Co.*, No. 07-03-0330-CV, 2004 WL 2413311, at *2 (Tex. App.—Amarillo Oct. 28, 2004, no pet.) (mem. op.). Instead, the insured need only "show fault on the part of the uninsured motorist and the extent of the resulting damages" in a lawsuit against the insurer. *See In re Teachers*, 2004 WL 2413311, at *2. Further, an insured may "sue the UIM insurer without joining the UIM and [the insured may] litigate the UIM's

liability and underinsured status in that lawsuit." *State Farm Cty. Mut. Ins. Co. of Tex. v. Diaz-Moore*, No. 04-15-00766-CV, 2016 WL 6242842, at \*2 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) (mem. op.).

"As plaintiff, [Bretado] had the burden to allege facts that affirmatively demonstrate the trial court's jurisdiction." *See id.* On appeal, for purposes of determining jurisdiction, "[w]e construe [Bretado's] pleadings liberally in her favor, taking all factual assertions as true." *See id*.

## B. *State Farm County Mutual Insurance Co. of Texas v. Diaz-Moore*

In *Diaz-Moore*, this court considered *Brainard* in determining when a claim against an insurer for underinsured motorist benefits is ripe. *Id.* Liliana Diaz-Moore's vehicle was struck by a vehicle driven by Gilbert Beltran Jr., and she subsequently sued Beltran and State Farm alleging the following:

> (1) Beltran's negligence caused the collision; (2) Beltran was an underinsured driver because the policy limits of his insurance policy [were] not sufficient to cover all of Diaz–Moore's injuries and damages; (3) Diaz–Moore maintained an insurance policy with State Farm which provided uninsured/underinsured (UM/UIM) benefits coverage; and (4) State Farm failed to acknowledge Diaz–Moore's UM/UIM claim and/or pay any UM/UIM benefits owed to Diaz–Moore.

*Id.* at \*1. Neither Beltran nor State Farm answered; Diaz-Moore obtained a default judgment against both. *Id*.

On restricted appeal, State Farm cited *Brainard* to support its argument that Diaz–Moore's claim was not ripe because State Farm was "not contractually obligated to pay benefits until Diaz–Moore establishe[d] Beltran was liable for causing the accident and Beltran was underinsured based on the amount of Diaz–Moore's damages." *Id*. at \*2 (citing *Brainard*, 216 S.W.3d at 815). Although this court noted State Farm was "correct with regard to Diaz-Moore's burden of proof at trial," we stated that "in determining ripeness, we only consider whether Diaz-Moore pled

sufficient facts which, if true, establish a claim for injuries against State Farm." *Id*. We then held

Diaz-Moore had alleged a ripe claim:

> As previously noted, Diaz–Moore alleged: (1) Beltran's negligence caused the collision; (2) Beltran was an underinsured driver because the policy limits of his insurance policy are not sufficient to cover all of Diaz–Moore's injuries and damages; (3) Diaz–Moore maintained an insurance policy with State Farm which provided uninsured/underinsured benefits coverage; and (4) State Farm failed to acknowledge Diaz–Moore's UM/UIM claim and/or pay any UM/UIM benefits owed to Diaz–Moore. Therefore, Diaz–Moore has pled facts which, if true, would establish Beltran was liable for the accident, is underinsured, and State Farm refused to pay UIM benefits.

*Id*.

## C.    Analysis

In this case, Bretado alleged in her petition that her vehicle was hit from behind by Moryl's vehicle and she suffered severe injuries and damages. She further alleged Moryl had insufficient insurance coverage to compensate her for her severe injuries and damages, and her Nationwide insurance policy provided underinsured motorist benefits to her. Bretado filed a claim with Nationwide for underinsured motorist benefits because Moryl had insufficient insurance coverage, but Nationwide failed to pay the claim. Because Bretado pled facts which, if true, would establish Moryl was liable for the accident, is underinsured, and Nationwide failed to pay Bretado's claim for underinsured benefits, Bretado's claim is ripe. *See id*.

### STANDING

Bretado also contends she "lacks standing to bring the claims for which relief is sought." She argues that "[w]ithout a judgment establishing the liability and underinsured status of the other motorist, it cannot be shown that Ms. Bretado has sustained, or is in the immediate danger of sustaining, some direct injury based upon Nationwide's denial, because the prerequisites to coverage had not been established."

In her standing argument, Bretado focuses on the absence of any showing that she "has sustained, or is in immediate danger of sustaining, some direct injury based upon Nationwide's denial." Thus, her argument is that the facts have not sufficiently developed "so that an injury has occurred or is likely to occur." *Id*.

However, taking as true Bretado's pleadings that Nationwide breached her insurance policy by denying her claim for underinsured benefits, Bretado has been personally aggrieved and she has standing to assert that claim against Nationwide. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005) ("The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome."); *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) ("A plaintiff has *standing* when it is personally aggrieved . . . ."); *Kahn v. Helvetia Asset Recovery, Inc.*, 475 S.W.3d 389, 393 (Tex. App.—San Antonio 2015, pet. denied) ("A determination of standing focuses on whether a party has a 'justiciable interest' in the outcome of the lawsuit, such as when it is personally aggrieved or has an enforceable right or interest.").

CONCLUSION

The only issues raised in Bretado's brief challenge the trial court's jurisdiction to consider her breach of contract claim. Bretado's claim was ripe, she had standing to sue, and the trial court had jurisdiction to decide Nationwide's motion. We overrule Bretado's issues and affirm the trial court's judgment.

Patricia O. Alvarez, Justice